UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:12-CV-00110-JHM

HOMER MAIN                                                                          PLAINTIFF

v.

RIO TINTO ALCAN INC;
ALCAN PRIMARY METAL GROUP; AND
ALCAN PRIMARY PRODUCTS CORPORATION                               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Homer Main's motion for an order of remand [DN 9] and Defendants Rio Tinto Alcan Inc., Alcan Primary Metal Group, and Alcan Primary Products Corporation's motion to dismiss [DN 4]. Fully briefed, these matters are ripe for decision. For the following reasons, the Court **DENIES** the Plaintiff's motion for an order of remand and **DENIES** the Defendants' motion to dismiss.

**I. BACKGROUND**

In 2002, Plaintiff Homer Main was hired as a laborer to work at an Alcan Primary Products Corporation smelter in Robards, Kentucky. During his employment he was a member of the United Steelworkers, Local 9443-00 ("USW Local"). After working various positions at the smelter, Plaintiff was terminated in the fall of 2011, allegedly pursuant to the terms of a Last Chance Agreement and Supplemental Last Chance Agreement.

Plaintiff filed suit against Rio Tinto Alcan Inc., Alcan Primary Metal Group; and Alcan Primary Products Corporation (collectively "Defendants") on August 24, 2012 in Webster Circuit Court alleging (1) a breach of duty of fair representation in violation of Section 301 of the National Labor Relations Act; (2) violation of Section 102 of the Family and Medical Leave Act; (3) breach

of contract; (4) wrongful termination; (5) breach of the covenant of good faith and fair dealing; and (6) intentional infliction of emotional distress. On September 14, 2012, Defendants removed the case to the United States District Court for the Western District of Kentucky, Owensboro Division claiming it has jurisdiction by reason of federal question jurisdiction, supplemental jurisdiction and diversity jurisdiction.

## II. MOTION FOR AN ORDER OF REMAND

As a general matter, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time the case is commenced and at the time that the notice of removal is filed. See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999); 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1331, the district courts have original jurisdiction over a civil action founded on a claim "arising under the Constitution, treaties or laws of the United States[.]" On October 17, 2012, Plaintiff filed a motion for an order of remand claiming this Court does not have jurisdiction over this cause of action

**A. Diversity Jurisdiction**

The federal diversity jurisdiction statute states that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). At issue is where Defendant Alcan Primary Products Corporation has its principal place of business since the Complaint only alleges that Defendant Alcan Primary Products Corporation is in Kentucky. Plaintiff first asserts that Defendants have their principal place of business in Kentucky and this Court does not have jurisdiction under 28 U.S.C.

§ 1332(a). In their removal papers, Defendants state that Rio Tinto Alcan has its principal place of business in Quebec; Alcan Primary Metal does not exist and Alcan Primary Products has its principal place of business in Illinois. Plaintiff argues that these assertions are false, and provides a map of Rio Tinto's locations from its website that shows it has a smelter located in Sebree, Kentucky as well as a web page that claims that the smelter in Sebree generates a monthly bill that exceeds several million dollars. Plaintiff cites to Gafford v. General Electric Co., claiming that when applying the "total activities" test, the corporate headquarters may be in another state, but the state of its operations is Kentucky. 997 F.2d 150 (6th Cir. 1993). Additionally, Plaintiff argues that Defendants' have the burden to prove complete diversity and they have not fulfilled that burden.

In response, Defendants point to Plaintiff's Complaint in which he states that only one defendant, Alcan Primary Products Corporation, has its principal place of business in Kentucky. Defendant also states that Gifford and the "total activities" test was overruled by Hertz Corp. v. Friend, 130 S.Ct. 1181-1192-93 (2012). As support of their assertion that diversity exists, Defendants provide an "Amendment Annual Report Online Filing" of Alcan Primary Products Corporation that was filed in 2012 with the Kentucky Secretary of State that identifies its State of Origin as Texas and its principal office in Chicago, and an affidavit of a financial manager of the smelter who has knowledge of the corporate structure.

The Supreme Court has held that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Hertz Corp., 130 S.Ct. 1181, 1186 (2010). "The party invoking federal court jurisdiction-in this case, [Defendants], as removing party-has the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met."

Cleveland Housing Renewal Project v. Deutsche Bank Trust Co., 621 F.3d 554, 559 (6th Cir.) (Citing Hertz, 130 S.Ct. 1181 (2010).)

Analyzing Defendant Alcan Primary Products Corporation's citizenship under the "nerve center test" articulated by the Supreme Court in Hertz Corp., the Court concludes that Defendant Alcan Primary Products Corporation is not a citizen of Kentucky. The Amendment Annual Report Online Filing provided by Defendants shows that Alcan Primary Products Corporation is a Texas corporation with its principal office located in Chicago, Illinois. (Amendment Annual Report [DN 11-2].) The current officers and directors are all located in South Jordan, Utah. While Defendants do not attempt to articulate which state the principal place of business is actually located in, it is clear that it is not Kentucky. Furthermore, the affidavit of the smelter's Financial Manager, Jeremy Jenkins, states that the corporate office is located in Utah and the Principal Place of Business is Chicago, Illinois. (Jenkins Aff. [DN 11-3].) Plaintiff cites to a case in the Southern District of California in which the district court granted a motion to remand in a class action. Martinez v. Morgan Stanley & Co. Inc., 2010 WL 3123175 (S.D. Cal. Aug. 9, 2010). The district court found the declaration provided to establish the principal place of business lacked foundation. Id. at *2-3. However, unlike the case at present, that case involved the citizenship of a limited liability company and the declaration was the only evidence. The Plaintiff has also pointed out that the Supreme Court in Hertz implies that a corporation will have only one principal place of business and Defendants are suggesting that Alcan Primary Products Corporation may have two. The Court understands Plaintiff's concern, however, even if the Court made a determination that the principal place of business is in either Utah or Illinois, complete diversity still remains. Therefore, Plaintiff's motion to remand due to lack of diversity is denied.

### B. Federal Question Jurisdiction

Since the Court has determined that it had original jurisdiction over this case due to diversity of the parties under 28 U.S.C. § 1332, it is unnecessary to address whether it also has federal question jurisdiction on the face of the Complaint. See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005) ("The district courts of the United States, as we have said many times, are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute' . . . . In order to provide a neutral forum for what have come to be known as diversity cases, Congress also has granted district courts original jurisdiction in civil actions between citizens of different States . . . ."); see also  Union Planters Bank, N.A. v. EMC Morgt. Corp., 67 F.Supp.2d 915, 918 (W.D. Tenn. Oct. 19, 1999) (discussing the venue of cases founded only on diversity). Therefore, the Court has original jurisdiction over the case, and the motion to remand is denied.

### III. MOTION TO DISMISS

Upon removing the case, Defendants filed a motion to dismiss pursuant to Rule 8 of the Federal Rules of Civil Procedure because Defendants argue the Complaint does not contain a short and plain statement of the claims.  Defendants also raise defenses of lack of personal jurisdiction; and insufficient process and insufficient service of process.

### A. Rule 8 Pleading Standard

Defendants have moved to dismiss pursuant to Rule 8 of the Federal Rules of Civil Procedure.  Defendants assert that Plaintiff's Complaint should be dismissed because it does not contain a short and plain statement of the claims, but instead is lengthy and confusing.  The Complaint contains 134 paragraphs of factual assertions and Defendant argues that Plaintiff makes no attempt to connect these assertions to the claims.  Furthermore, Defendant states that the amount

of factual assertions are unnecessary and overly burdensome because of the amount of time and resources that must be used in order to investigate and determine if each paragraph should be fairly admitted or denied in good faith. In support of their motion to dismiss, Defendants cite to Vicom, Inc. V. Harbridge Merchant Services, Inc. in which the Seventh Circuit addressed a 119 page, 385 paragraph complaint. 20 F.3d 771 (7th Cir. 1994). The Seventh Circuit stated that "Vicom's confusing, redundant, and seemingly interminable amended complaint violated the letter and the spirit of Rule 8(a)." Id. at 776.

Plaintiff responds stating his Complaint contains short and plain statements of fact to support the six complex claims. The claims arose from a nearly ten-year employment relationship, Plaintiff states, and the Complaint "represents counsel's honest effort to present these six claims and support each of them with sufficient facts." (Pl.'s Response, 3 [DN 7].) Furthermore, Plaintiff argues that each paragraph is a single, one sentence statement of fact, set out in chronological order in order to make the Complaint plain and understandable. Plaintiff states it will not be overly burdensome for Defendants to respond, and this is not a valid reason to dismiss under Rule 8.

"[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Bell Atlantic Corporation et al., v.Twombley, 550 U.S. 544, 570 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S.Ct. 1955.

Iqbal, 556 U.S. at 678. Under Rule 8, a pleading must contain a "short and plain statement of the

6

claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "A complaint violates these provisions when it 'is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Brewster v. Wells Fargo Bank, N.A., 2012 WL 4024749, *3 (W.D. Tenn. Sept. 12, 2012) (quoting Harrell v. Dirs. fo Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975)).

As Defendants point out, Plaintiff's Complaint is more than 134 paragraphs of alleged factual detail. While the Court agrees there is a substantial amount of facts, some unnecessary, it does not find the Complaint as confusing as Defendants would lead it to believe. Additionally, the Court finds this case distinguishable from the cases cited by the Defendants. In Vicom, the Seventh Circuit stated that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." 20 F.3d at 775-76. While the Seventh Circuit did find that Vicom's amended complaint was confusing, and redundant, the district court dismissed the complaint on the merits, not under Rule 8, and the Seventh Circuit affirmed its dismissal on the merits as well. In Michaelis v. Nebraska State Bar Ass'n, another case cited by Defendants, the Eighth Circuit affirmed the district court's dismissal of an amended complaint for failure to comply with Rule 8. 717 F.2d 437 (8th Cir. 1983). Michaelis' initial complaint was dismissed without prejudice and with leave to amend. He commenced a second action by filing another complaint, and later filed an amended complaint. Id. at 438. The original complaint was 38 pages with 98 paragraphs, the amended complaint was 98 pages with 144 paragraphs, and a second similar action was filed with a 60 page complaint. Id. at 439. The complaint was dismissed due to the "style and prolixity of these pleadings [making] an orderly trial impossible" and due to "Michaelis' deliberate persistence in refusing to conform his

7

pleadings to the requirement of Rule 8." Id. (The district court additionally found that it lacked subject matter jurisdiction since the issues were fully litigated in a disciplinary hearing.)

The Complaint at present does present lengthy facts in relation to six claims. Unlike the cases cited by the Defendants, however, there is no alternative reason to dismiss the case on the merits. Furthermore, the length of this Complaint, is much shorter than those discussed above. The paragraphs are in chronological order, short and most of them are only one sentence. The Complaint is not confusing or redundant and will not make litigation of this case any more or less difficult. While Defendants argue the noncompliance with Rule 8 will require an unnecessary and overly burdensome amount of time and resources in determining such detailed facts of the case at this stage of the proceeding, under Rule 8 Defendants may simply state they lack knowledge or information if they are unable to "form a belief about the truth of an allegation[.]" Fed. R. Civ. Proc. 8(b)(5). The Court does not find the Complaint so verbose that it is unable to identify the claims and denies Defendants motion to dismiss the Complaint under Rule 8.

### B. Personal Jurisdiction

Defendants also object and raise "the defense that the Court lacks personal jurisdiction over the Defendant Rio Tinto Alcan Inc." (Defs.' Mot. To Dismiss, 4 [DN 4].) Defendants claim that Rio Tinto's principal place of business is in Montreal, Quebec and "it is believed that Rio Tinto Alcan Inc. is not the parent corporation of Alcan Primary Products Corporation." (Id.) With this belief, Defendants state that Rio Tinto did not transact business in Kentucky or have sufficient contact to warrant personal jurisdiction. Defendants also argue in their reply that Defendant Alcan Primary Metal Group is not a known legal entity. Without providing any support of these statements, Defendant states "this defense was raised with [the motion to dismiss] so that it would not be waived

8

in accordance with the Federal Rule of Civil Procedure 12(h). (Defs.' Reply, 8-9 [DN 9].)

In response, Plaintiff asserts that Rio Tinto clearly transacted business in Kentucky as well as maintaining sufficient contacts. In support of this assertion, Plaintiff provided the Court with documents, including a termination notice on Rio Tinto letterhead, and the supplemental last chance agreement which refers to 'Rio Tinto Alcan' as the 'Company' entering into agreement with Plaintiff. Documents are also provided that suggest the existence of Defendant Alcan primary Metal Group as a legal entity.

Defendants do not appear to be asking for dismissal, but are simply raising the defense of lack of personal jurisdiction over Defendant Rio Tinto Alcan Inc. While Defendants have yet to file an answer to the Complaint, the Court notes their objection to personal jurisdiction with the understanding that additional discovery bearing on the question of jurisdiction is necessary if Defendants were to pursue this defense further.

### C. Service of Process

Lastly, Defendants raise the defenses that there was insufficient process and service of process. Defendants state that copies of the complaint were served upon Rio Tinto Alcan Inc. and Alcan Primary Metal Group by delivery to the Plant Manager at the Alcan Primary Products Corporation smelter in Robards, Kentucky. Defendants claim that the Plant Manager is not the registered agent for service of process, or an agent for Rio Tinto, and no legal entity known as Alcan Primary Metal Group exists. Defendants originally ask that the Complaint against Rio Tinto Alcan Inc. be dismissed because of insufficient process and service of process but in their reply state the "defense was raised with this motion so that it would not be waived in accordance with the Federal Rule of Civil Procedure 12(h)." (Defs.' Reply, 8-9 [DN 9].)

Plaintiff, for his part, contends that service of process was valid as Alcan Primary Products Corporation, "the only one of the three Defendants properly registered in the Commonwealth, was served through its registered agent in Frankfort." (Pl's Response, 8 [DN 7].) Plaintiff agrees that Defendants Rio Tinto Alcan Inc. and Alcan Primary Metal Group were served through the Plant Manager "[a]nd when personal jurisdiction is authorized by Kentucky's Long Arm Statute, which in this case it is, service of process may be made on any agent of Defendants in any county in this Commonwealth." (Id.)

As Defendants have not provided any evidence in support of their assertion that there was insufficient process and service of process and, furthermore, objects to Plaintiff's submission of exhibits relating to this issue, the Court assumes that Defendants are not making a motion to dismiss the Complaint on the grounds of insufficient process and service of process. As stated previously, Defendants have yet to file an answer to the Complaint, therefore, the Court notes their objection to insufficient process and service of process and will not make any ruling in regards to this defense.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Plaintiff's motion for an order to remand [DN 8] is **DENIED** and Defendants' motion to dismiss [DN 4] is **DENIED**.

Joseph H. McKinley, Jr., Chief Judge
United States District Court

January 22, 2013

cc: counsel of record